**[Cite as *State v. Hollenback*, 2026-Ohio-2784.]**

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2026-0014 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, |
| CHARLES O. HOLLENBACK, | Case No. CR2025-0366 |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: July 20, 2026 |

BEFORE: Craig R. Baldwin, Andrew J. King, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Muskingum County Assistant Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; Christopher D. Brigdon, Thornville, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1} Defendant Charles Hollenback challenges in this appeal the sentence that he received for several felony charges in Muskingum County. He was in effect sentenced twice, but only the second sentence was journalized, so that is the one before us. More than two weeks passed between the date when the trial judge first announced a sentence in court and when the judge reconvened the sentencing hearing and announced the final — and lengthier — aggregate prison term that he ended up imposing in the case. That process was unfair, Hollenback argues, and the trial judge should not have altered the initial sentence once it had been announced in court, he says. Hollenback claims, too, that the trial judge failed to state at the second sentencing hearing the kind of factual findings that might have justified the consecutive prison terms that the judge ultimately imposed.

{¶2} Because the initial sentence was never journalized after it was orally announced by the trial judge at the first sentencing hearing, we conclude that the judge not only could take the unusual step of reconvening the sentencing hearing but also could lengthen the aggregate prison term beyond the length initially announced. Though not an ideal situation, the one this case presents is also not impermissible. As for the consecutive-sentence findings, we readily conclude that the trial judge did in fact state those at both sentencing hearings. We affirm the trial court's judgment.

**The Key Facts**

{¶3} In 2025, Hollenback pled guilty in the trial court to multiple felony sex-offense charges, to two sexually-violent-predator specifications, and to several felony charges under R.C. Chapter 2950 that were tied to his registration and verification obligations as a registered sex offender.

{¶4} The trial judge held a sentencing hearing in January 2026. At that hearing, the judge orally imposed an aggregate prison term of — in the judge's words — "22 and a half years to life." No sentencing entry documenting that sentence was ever journalized.

{¶5} More than two weeks later, the trial judge reconvened the sentencing hearing. He explained at the outset that the sentence he had announced at the first hearing "was not the right sentence" and that he "couldn't sleep" because that first sentence was "not fair to the victim or to our community." After giving defense counsel and Hollenback himself a fresh opportunity to offer any statements that they wished to make, the judge announced that the aggregate sentence in the case would now be a life sentence with parole eligibility for Hollenback once he had served 55.5 years in prison.

**{¶6}** The judge ordered that Hollenback serve some of the prison terms in the case consecutively, and the judge explained the findings that supported his imposition of consecutive sentences using words that tracked those that appear in R.C. 2929.14(C)(4).

**{¶7}** Soon thereafter, the trial judge prepared and filed a sentencing entry documenting the new lengthier aggregate prison term in the case. Hollenback now appeals.

## The Initial Oral Pronouncement of a Sentence Was Not a Final Order

**{¶8}** Hollenback first contends that the trial court was bound by the sentence announced at the first hearing and that — by convening a second hearing and increasing that sentence — the court reconsidered a final judgment and subjected him to a second punishment for the same offenses in violation of the Double Jeopardy Clauses of the Ohio and U.S. Constitutions. Because Hollenback did not raise this objection in the trial court at a time when any error could have been avoided or corrected, we review it only for plain error. *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), citing *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). We find no error here, plain or otherwise.

**{¶9}** Hollenback's argument rests on the premise that the sentence announced at the first hearing was a final sentence. It was not. "A court of record speaks only through its journal and not by oral pronouncement." *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. A criminal sentence is no exception: a sentence announced from the bench does not become a final order until a written entry documenting that sentence has been filed in the clerk's office. *State v. Trammell*, 2016-Ohio-1317, ¶ 23 (5th Dist.). Until that happens, there is no final judgment in the case.

**{¶10}** It follows that a trial court retains authority to revisit, and even to increase, an orally announced sentence so long as that sentence has not yet been journalized. The Ninth

District confronted a similar situation in *State v. Hensley*, 2023-Ohio-2910 (9th Dist.). There, as here, the trial court announced a sentence at one hearing, never journalized that sentence, and then imposed a considerably harsher sentence at a later hearing. The court of appeals explained that "[w]here there has been no journalization of [a criminal] sentence, a sentence announced in open court may be amended without formal judgment entry," and therefore a court "may increase sentences when the sentence does not constitute a final order." *Id.* at ¶ 12 (citation and quotations omitted). The same is true of the first sentence pronouncement in this case. The initial orally announced aggregate sentence of life in prison with parole eligibility after 22.5 years was not a final order, and the trial court was therefore free to alter that sentence by announcing and journalizing a harsher one.

{¶11} To be sure, trial courts have no authority to reconsider their own valid final judgments. *State v. Raber*, 2012-Ohio-5636, ¶ 20. But the rule of *Raber*, by its own terms, guards against the reconsideration of only a *valid final* judgment, and the double-jeopardy protection attaches if and only if a defendant has acquired a legitimate expectation of finality in his or her sentence. *Id.* at ¶ 24-25. In *Raber*, the trial court had entered a final judgment of conviction and then, more than a year later, reopened it to add a sex-offender classification. Here, by contrast, no final judgment existed until a sentencing entry — the one and only sentencing entry ever prepared and filed in the case — was journalized after the second sentencing hearing. Because the initial oral sentence pronouncement was never journalized, Hollenback never acquired the expectation of finality that *Raber* protects.

{¶12} The Supreme Court's decision in *State v. Bryant* explains that point well. The Court there recognized that a sentence not yet journalized is not final and so remains subject to revision. *State v. Bryant*, 2022-Ohio-1878, ¶ 23. The Court did overturn the trial court's

imposition of a harsher sentence in that case, but the high court did so for a reason that has no application here: the trial judge had lengthened the defendant's orally announced sentence to punish him for a disrespectful courtroom outburst, thereby basing the final sentence on impermissible factors outside the scope of Ohio's sentencing statutes. *Id.* at ¶ 22. The trial court here increased Hollenback's sentence for no such improper purpose. Rather, the judge at the second sentencing hearing noted that Hollenback had sexually victimized multiple children, that he posed a continuing danger of reoffending, and that the community ought to be protected from him, all of which are concerns consistent with the seriousness and recidivism considerations that R.C. 2929.11 and 2929.12 direct trial courts to weigh. The increase in the aggregate sentence was therefore consistent with what the law permits.

{¶13} We add a word of caution, though it does not change the result. Our finding that no error took place flows from the fact that the first sentence was never journalized, but we certainly do not endorse the process that led to the imposition of the final sentence. An open-court pronouncement of a sentence in any criminal case — but particularly a case like this one involving such serious charges — is a solemn act, and both the defendant and any victims rightly expect to depart from a sentencing hearing feeling certain about the final outcome of the case. This unfortunate episode perhaps serves as a helpful reminder that a trial judge's deliberations about the appropriate sentence in any given case should ideally be completed before the judge begins to speak rather than after.

{¶14} Hollenback's first assignment of error is overruled.

**The Trial Court Made the Necessary Consecutive-Sentence Findings**

{¶15} R.C. 2953.08(G)(2) guides our review of any challenge to the imposition of consecutive sentences. The Supreme Court has explained that "[t]he plain language" of that

provision requires an appellate court to "defer to a trial court's consecutive-sentence findings," and those findings "must be upheld" unless they are "clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5.

{¶16} A trial court may order consecutive service of prison terms in a felony case if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that they are not disproportionate to the seriousness of the offender's conduct and to the danger that he or she poses to the public, and that one of the three predicates set out in R.C. 2929.14(C)(4)(a) through (c) applies. The court must make those findings both at the sentencing hearing and in the sentencing entry, though it has no obligation to state reasons in support of them. *State v. Hinkle*, 2026-Ohio-1857, ¶ 20 (5th Dist.).

{¶17} The sentencing-entry requirement is satisfied here. The judgment entry memorializing the sentence sets out each of the required findings: that consecutive service is necessary to protect the public and to punish Hollenback, that the imposition of consecutive prison terms is not disproportionate to the seriousness of his conduct or the danger that he poses to the public, and that the language in both R.C. 2929.14(C)(4)(b) (a course of conduct with great or unusual harm) and R.C. 2929.14(C)(4)(c) (a history of criminal conduct that necessitates consecutive sentences to protect the public from future crime) applies.

{¶18} The hearing requirement is satisfied as well. A word-for-word recitation of the statutory language at the hearing is not required, so long as a reviewing court is "able to discern that the trial court engaged in the correct analysis." *State v. Nelson*, 2022-Ohio-4308, ¶ 10 (6th Dist.). The trial court in *Nelson* had imposed consecutive sentences on a defendant for multiple gross-sexual-imposition offenses against his own children, and the court of appeals affirmed because the trial judge's remarks — addressing the danger the defendant

posed, the seriousness of his conduct, and the great or unusual harm to his victims — reflected the substance of the required findings. *Nelson* at ¶ 11-20.

{¶19} The trial court's remarks here do the same. In explaining why Hollenback's sentences would run consecutively, the trial judge spoke — at both sentencing hearings — about Hollenback's having sexually victimized multiple children, of the likelihood that he would offend again if given the opportunity, and of the need to protect the community. The judge also made findings that closely track the requisite consecutive-sentence findings in R.C. 2929.14(C)(4), and the findings stated by the judge match the ones later listed in the sentencing entry. From this record, we can readily discern that the trial court engaged in the analysis that R.C. 2929.14(C)(4) demands.

{¶20} Hollenback's second assignment of error is overruled.

{¶21} For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by appellant Charles Hollenback.

By: Gormley, J.;

King, P.J. and

Baldwin, J. concur.